tion that he was convicted in a liquor case and was given a suspended sentence.

Bryson, who operated a beer tavern in Fort Worth, testified that he bought an electric fan from the appellant on Monday morning, August 30, 1937, for which he paid him $1.00; that later the officers came and got the fan.

Nolan, who conducted a furniture store in Fort Worth, testified that appellant came into his place of business on August 30, 1937, and offered to sell an electric fan for $5.00, but the witness said he was not interested in purchasing the fan. Similar testimony was given by the witness Bradshaw, who was engaged in the new and secondhand business in Fort Worth.

Paul Kilgore testified that he worked at the Jackson Cafe at Alvarado; that on Sunday night, about 11:30 o'clock, the appellant came into the cafe; that Matthews came in some thirty minutes later. The two men walked out together but the witness did not know where they were going.

Perkins, a filling station operator in Fort Worth, testified that appellant came to the station about 6:30 o'clock on Monday morning, August 30th, and purchased a gallon of gasoline; that he came back about 9:30 or 10:00 o'clock, at which time Emmett Shipman was at the filling station.

Appellant testified that he left Shipman's sandwich shop about 10:30 or 11:00 o'clock on the night of August 29, 1937, and went to Jackson's filling station for the purpose of catching a ride either to Fort Worth or to the home of his father who lived about six miles south of Alvarado. While sitting in Jackson's lunch room, Matthews came in and the two drank coffee and engaged in a conversation about going to Fort Worth in Matthews' car. After agreeing to go, they went to the home of the appellant's wife for the purpose of getting some clothes, and then went on towards Fort Worth. They drove as far as Burleson, where they stopped and slept until sunrise, when they continued their journey. Upon their arrival at Fort Worth, they bought some gasoline at Perkins' filling station and then went up town to the pawn shop of Wolf & Klar. Appellant testified that he knew nothing about the radio and the electric fan before leaving Alvarado; that he did not see when Matthews sold the radio to Wolf & Klar. He denied selling the electric fan to the witness Bryson in Fort Worth. He also denied getting any money

out of the sale of the radio and the electric fan. Appellant admitted on cross-examination that he was under a suspended sentence for the offense of forgery for which he was convicted in June, 1937.

The court adequately instructed the jury upon the law of circumstantial evidence and also charged that Roland Matthews was an accomplice whose testimony required corroboration. No objections were filed against the charge of the court and no complaints of the procedure have been presented by bills of exception.

Deeming the evidence sufficient to support the conviction, the judgment is affirmed.

## EADS v. STATE.

### No. 19711.

Court of Criminal Appeals of Texas.
April 13, 1938.

Rehearing Denied June 8, 1938.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of a violation of the liquor laws of this state, and fined $100.

The record contains neither a statement of facts nor bills of exception. All matters of procedure appearing regular, the judgment will be affirmed.

On Motion for Rehearing.

KRUEGER, Judge.

Appellant insists that the evidence is insufficient to support his conviction. In the

absence of a statement of facts, we have no way of determining the insufficiency of the evidence as contended for by him.

Accordingly, the motion for rehearing is overruled.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.